AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.           **ORDER OF DETENTION PENDING TRIAL**

THOMAS HUMPHREY           Case Number: 07-M-8133-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 12, 2007            s/ David J. Waxse
                                    *Signature of Judicial Officer*

                                    DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                    *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Thomas Humphrey
Criminal Action 07-M-8133-01-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors we have to look at to determine whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the person and the community.

First is the nature and circumstance of the offense charged. It is a crime of violence and involves a controlled substance. The weight of the evidence is a probable cause determination so those are both negatives.

Your physical and mental condition do not appear to be a problem that would relate to detention or release.

The family ties and employment are positive.

Financial resources are problematic in terms of it appears you have substantial resources many of which, though, have been seized so you would have to get a lot of them back to get somewhere on the financial resources issue.

The next factor is length of residence in the community and community ties, which are both positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance. Obviously there is a prior felony but the conviction was in 1993. There have been no felonies since then so that is somewhat negative.

The next factor is record concerning appearances and I do not see any failures to appear, although there was the one probation violation with revocation long ago.

The next factor is whether at the time of the current offense you were on parole, release or probation. It does not appear that you were.

Finally is the nature and seriousness of the danger to the person or the community that would be posed by your release. When you are talking about this kind of drug offense with a firearm involved, that is

substantial danger.

    Considering all those factors together, it appears to me that there is reason to keep you detained.